# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO 1:18-cv-21820-KMM

ZOEY BLOOM, individually, and others
similarly situated,

       Plaintiff,

v.

JENNY CRAIG, INC.,

       Defendant.

_____/

## <u>ORDER</u>

THIS CAUSE came before the Court upon the Parties' Motion for Preliminary Approval of Class Action Settlement ("Motion") (ECF No. 27), seeking (1) preliminary approval of settlement; (2) certification of the proposed settlement class; (3) appointment of Named Plaintiff, Zoey Bloom as Class Representative and Plaintiff's counsel, Manuel S. Hiraldo, Andrew J. Shamis, Scott A. Edelsberg, as Class Counsel for the settlement class; (4) authorization of Notice to the Settlement class; and (5) setting of a date and time for the Final Fairness hearing.

UPON CONSIDERATION of the Motion, the Parties' Settlement Agreement, the pertinent portions of the record and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the Parties' Motion for Preliminary Approval of Class Settlement (ECF No. 27) is GRANTED and the Court makes the following findings:

## I.  SETTLEMENT CLASS IS CONDITIONALLY CERTIFIED

1.    It is well established that "[a] class may be certified solely for purposes of settlement [if] a settlement is reached before a litigated determination of the class certification issue." *Borcea v. Carnival Corp.*, 238 F.R.D. 664, 671 (S.D. Fla. 2006) (internal quotation marks

omitted). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – *i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Id.*

2.      The Court finds, for settlement purposes only, conditioned upon final certification of the proposed class and upon Final Judgment, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23.  The Court therefore preliminarily certifies the following class:

> **All persons in the United States and Puerto Rico who received a Text Message or Text Messages on his or her cellular telephone from Jenny Craig through the TextMagic platform during the Class Period.[1]**

This class specifically excludes persons in the following categories: (A) individuals who are or were during the Class Period officers or directors of Defendant or any of its respective affiliates; (B) the district judge and magistrate judge presiding over this case, the judges of the United States Court of Appeals for the Eleventh Circuit, their spouses, and persons within the third degree of relationship to either of them; and (C) all persons who file a timely and proper request to be excluded from the Settlement Class in accordance with the Settlement Agreement.

3.      The Court recognizes that Defendant reserves all of its defenses and objections against and rights to oppose any request for class certification in the event that the proposed Settlement does not become Final for any reason.  Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become Final for any reason.

---

[1] As used in this Order, unless otherwise noted, all capitalized terms shall have the definitions and/or meanings given them in the Agreement.

4.     For settlement purposes only, the Court preliminarily appoints Plaintiff Zoey Bloom as Class Representative.

## II.     COURT APPROVES PLAINTIFF'S COUNSEL AS CLASS COUNSEL

5.     On behalf of the Plaintiff and the Settlement Class, for settlement purposes only, the Court appoints the following persons and firms as Class Counsel for the Settlement Class:

Manuel S. Hiraldo
**HIRALDO P.A.**
401 E. Las Olas Boulevard, Suite 1400
Ft. Lauderdale, Florida 33301

Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
ashamis@shamisgentile.com
14 NE 1st Avenue, Suite 400
Miami, Florida  33132

Scott A. Edelsberg
**EDELSBERG LAW, P.A.**
19495 Biscayne Blvd. #607
Aventura, FL 33180

## III.     THE SETTLEMENT IS PRELIMINARILY APPROVED

6.     The Court preliminarily approves the Settlement Agreement, together with all exhibits thereto, as fair, reasonable and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel.

7.     The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement,

and schedule a Fairness Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

8.      The Court preliminarily approves the Agreement subject to the Fairness Hearing, the purpose of which will be to decide whether to grant final approval of the Agreement.

## IV.    THE COURT APPROVES THE FORM AND METHOD OF CLASS NOTICE

9.      Upon entry of this Order, the parties shall designate the Settlement Administrator.

10.     The Settlement Class Notice Program shall be effectuated as follows:

a.      Within ten (10) Days of the entry of this Order, the Parties shall provide to the Settlement Administrator records identifying the telephone numbers of the Persons to which the text messages were sent by or on behalf of Defendant. The Settlement Administrator will use these records to determine the email and mailing addresses for as many members of the Settlement Class as possible.

b.      No later than forty-five (45) days after the entry of this Order, the Settlement Administrator will complete the Notice Program.

c.      The Settlement Administrator will maintain the Settlement Website in accordance with the Agreement.

d.      The Settlement Administrator will file proof of compliance with the Settlement Class Notice Program at or before the Fairness Hearing.

11.     The form and content of the Class Notice are fair, reasonable, and adequate, and notice shall be disseminated to the Settlement Class in accordance with the Agreement and as due process and Rule 23 of the Federal Rules of Civil Procedure require.

12.     The Court finds that the Settlement Class Notice Program is reasonably calculated, under the circumstance, to apprise the Settlement Class: (a) of the pendency of the Litigation and the essential terms of the Settlement; (b) of the procedures for allocating the Settlement Fund; (c) of any requested amounts for Attorneys' Fee Award and Incentive Awards; (d) of right of members of the Settlement Class to exclude themselves from the Settlement Class and the proposed Settlement; (e) that any judgment, whether favorable or not, will bind all members of the Settlement Class who do not request exclusion; (f) that any member of the Settlement Class who does not request exclusion may object to the Settlement, the request for Attorneys' Fee Award and/or Incentive Awards and, if he or she desires, enter an appearance personally or through counsel; (g) the time and place of the Final Approval Hearing; and (h) prominently display the address of Class Counsel and the Settlement Administrator as well as the procedure for making inquiries. The Court further finds that the notices are written in plain English and are readily understandable by members of the Settlement Class.

13.     The Court finds the Settlement Class Notice Program: (i) is the best practicable notice; (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the proposed settlement; (iii) is reasonable and constitutes due, adequate and sufficient notice to all Persons entitled to receive notice; and (iv) meets all requirements of applicable law.

14.     No later than seven (7) days before the Fairness Hearing, the Settlement Administrator shall file a declaration with the Court attesting to the: (a) completion of the Settlement Class Notice Program; and (b) number of valid claims, opt-outs, and objections.

V.      **CLAIM FORM**

15.      The Court adopts the Claim Deadline and approves the Claim Form attached to the Agreement. Any member of the Settlement Class who wishes to receive benefits under the Agreement must sign and return a complete and timely Claim Form in compliance with the process set forth in the Agreement.

16.      Any Settlement Class Member who does not submit a complete and timely Claim Form in compliance with the Agreement shall not be entitled to any benefits under the Settlement, but nonetheless shall be barred by the release provisions of the Agreement and the Final Judgment and shall be deemed to have released the Released Parties from the Released Claims.

VI.     **PROCEDURE FOR REQUESTING EXCLUSION FROM THE CLASS**

17.      Any member of the Settlement Class who wishes to opt out or exclude himself or herself from the Settlement Class must submit an appropriate, timely request for exclusion sent to the Settlement Administrator at the address on the Notice and to be postmarked no later than sixty (60) days after the entry of this Order (the "Opt-Out and Objection Date").

18.      The opt-out request must be personally signed by the member of the Settlement Class requesting exclusion, contain a statement that indicates his or her desire to be excluded from the Settlement Class and contain a statement that he or she is otherwise a member of the Settlement Class.  A timely and valid request to opt out of the Settlement Class shall preclude the person opting out from participating in the proposed Settlement and he or she will be unaffected by the Agreement. The Settlement Administrator shall compile a list of all members of the Settlement Class who properly and timely submit an opt-out request (the "Opt-Out List").

19.     Any member of the Settlement Class who does not submit a timely and valid written request for exclusion shall be bound by all subsequent proceedings, orders and judgments in this Litigation, regardless of whether he or she currently is, or subsequently becomes, a plaintiff in any other lawsuit, arbitration or other proceeding against any of the Released Parties asserting any of the Released Claims.

## VII.    PROCEDURE FOR OBJECTING TO THE SETTLEMENT

20.     Any Settlement Class Member who does not properly and timely submit an opt-out request and who wishes to object to the fairness, reasonableness, or adequacy of the Agreement or the proposed Settlement or who wishes to object to Attorneys' Fee Award or Plaintiff's Incentive Award must file with the Court and serve on Class Counsel and Defendant's Counsel, postmarked no later than the Opt-Out and Objection Date, a written statement of the objection signed by the Settlement Class Member containing all of the following information:

a)      The name, address, telephone number of the Person objecting and, if represented by counsel, of his/her counsel;

b)      A signed declaration stating that he or she is a member of the Settlement Class and that they received one or more text messages sent by or on behalf of Defendant;

c)      A statement of all objections to the Settlement; and

d)      A statement of whether he or she intends to appear at the Fairness Hearing, either with or without counsel, and if with counsel, the name of his or her counsel who will attend.

21.     Any member of the Settlement Class who fails to file and serve a timely written objection and notice of his or her intent to appear at the Fairness Hearing pursuant to this

Paragraph 23 and as detailed in the Class Notice shall not be permitted to object to the approval of the Settlement or the Settlement Agreement at the Fairness Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

22.     Any objections must be appropriately filed with the Court no later than the Opt-Out and Objection Date, or alternatively they must be mailed to the Court at the address below and postmarked no later than the Opt-Out/Objection Deadline.

> Clerk of Court
> United States District Court for the Southern District of Florida
> 99 N.E. Fourth Street
> Miami, FL 33132
>
> Attention: "*Bloom v. Jenny Craig, Inc*., Case No. 1:18-cv-21820-KMM"

A copy of the objection, postmarked no later than the Opt-Out and Objection Date, must also be mailed to the Settlement Administrator at the post office box described in the Mailed Notice.

23.     No person shall be heard and no paper or brief submitted by any objector shall be received or considered by the Court unless such person has filed with the Clerk of Court and timely mailed to the Settlement Administrator, as provided above, the concise written statement of objections as described above, together with copies of any supporting materials, papers or briefs.

24.     Any Settlement Class Member who does not file a written objection in the time and manner described above shall be: (a) deemed to have waived and forfeited any objections to the proposed Settlement; (b) foreclosed from raising any objection to the proposed Settlement at the Fairness Hearing; (c) bound by all of the terms of the Agreement and by all proceedings,

orders and judgments by the Court; and (d) foreclosed from seeking any adjudication or review of the Settlement by appeal or otherwise.

25.     Any objecting Settlement Class Member who intends to appear at the Fairness Hearing, either with or without counsel, must also file a notice of intention to appear with the Court postmarked no later than the Opt-Out/Objection Deadline, which notice shall be filed with, or mailed to, the Clerk of the Court, with copy to the Settlement Administrator, as set forth above.

      a.     If the objecting Settlement Class Member intends to appear at the Fairness Hearing through counsel, he or she must also identify any attorney representing the objector who will appear at the Fairness Hearing and include the attorney(s) name, address, phone number, e-mail address and state bar(s) to which counsel is admitted. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Agreement or to the proposed Settlement or to the Attorneys' Fee Award will be at the Settlement Class Member's own expense; and

      b.     If the objecting Settlement Class Member intends to request the Court allow the Class Member to call witnesses at the Fairness Hearing, the objecting Class Member must provide a list of any such witnesses together with a brief summary of each witness's expected testimony no later than the Opt-Out/ Objection Deadline. If a witness is not identified in the notice of appearance, such witness shall not be permitted to object or appear at the Fairness Hearing.

      c.      The Settlement Administrator will establish a post office box to be used for receiving requests for exclusion or objections, Claim Forms and any other communications relating to this Settlement.

26.     Except for those members of the Settlement Class who timely and properly file a request for exclusion, all members of the Settlement Class will be deemed to be Settlement Class Members for all purposes under the Settlement Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim Form or receive any monetary relief.

27.     The Settlement Administrator shall provide Class Counsel and Defendant Counsel with the Opt-Out List within ten (10) days after the Opt-Out and Objection Date and shall file the Opt-Out List along with an affidavit attesting to the completeness and accuracy thereof with the Court no later than five (5) days thereafter, or another such date as the Parties may agree.

28.     The Court preliminarily enjoins all members of the Settlement Class unless and until they have timely excluded themselves from the Settlement Class from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; (b) filing, commencing, participating in, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of any member of the Settlement Class who has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class ce1iification in a pending action), based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims; and (c) attempting to effect Opt-Outs of a class of individuals in any

lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims and causes of action or the facts and circumstances giving rise to the Litigation and/or the Released Claims. Any Person who knowingly violates such injunction shall pay the attorneys' fees and costs incurred by Defendant, any other Released Person and Class Counsel as a result of the violation. This Order is not intended to prevent members of the Settlement Class from participating in any action or investigation initiated by a state or federal agency.

## VIII.   FAIRNESS HEARING

29.     The final approval hearing shall be held on 25th day of February, 2019, at 10:00 a.m. for the purposes of determining whether the settlement is fair, reasonable and adequate, whether it is in the best interests of the Settlement Class, and whether it should be approved by the Court (the "Fairness Hearing").  The hearing will take place before the Honorable K. Michael Moore at the United States District Court for the Southern District of Florida, Miami Division, in Courtroom 13-1, (thirteenth floor) United States Courthouse, 400 North Miami Avenue, Miami, Florida.

30.     The Court may reschedule the Fairness Hearing without further written notice. If the Fairness Hearing is rescheduled from the currently scheduled date, information regarding a rescheduled Fairness Hearing will be posted on the Court's docket.

31.     Papers in support of the final approval of the Settlement, including responses to objections, shall be filed with the Court no later than forty-five (45) days prior to the Final Approval Hearing.

32.     An application of Class Counsel for an award of fees and expenses shall be filed with the Court no later than forty-five (45) days prior to the Final Approval Hearing.

33.     All discovery and other pre-trial proceedings in this Litigation are stayed and suspended pending the Fairness Hearing, except such actions as may be necessary to implement the Agreement and this Order.

## IX.    OTHER PROVISIONS

34.     This Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order, if (a) the proposed Settlement is not finally approved by the Court, or does not become Final, pursuant to the terms of the Agreement or (b) the proposed Settlement is terminated in accordance with the Agreement or does not become effective as required by the terms of the Agreement for any other reason. In any such event, the proposed Settlement and Agreement shall become null and void and be of no further force and effect, and neither the Agreement nor the Court's orders, including this Order, shall be used or referred to for any purpose whatsoever.

35.     Neither the Agreement, nor any of its terms or provisions, nor any of its exhibits, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by any Defendant of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, or of the appropriateness of the certification of the Settlement Class for purposes other than for settlement. This Order shall not be construed or used as an admission, concession or declaration by or against any of the Released Parties of any fault, wrongdoing, breach, or liability.

36.     The terms and provisions of the Agreement may be amended by agreement of the Parties in writing or with approval of the Court without further notice to the Settlement Class, if such changes are consistent with this Order and do not limit the rights of the Settlement Class.

37.     The Parties shall abide by all the terms of the Settlement Agreement. The case shall remain closed.

DONE AND ORDERED in Chambers at Miami, Florida, this  6th  day of September, 2018.

_____
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

cc:     All counsel of record